SEYMOUR ET AL., ADMINISTRATORS OF BAKER, V. HINE.

A *scire facias* by an administrator of an officer, upon a judgment recovered on a bail bond, is not barred by the original debtor's paying the creditor, but he shall recover for what the officer has paid and for his fees.

SCIRE FACIAS declaring, that said Baker recovered a judgment before the County Court, in Litchfield, in September A. D. 1784, against said Hine and one Tyler, who is dead, for the sum of £120 debt, and forty-nine shillings and six pence cost; which has never been paid, etc.

The defendant plead in bar — That said Tyler was attached by said Baker a deputy sheriff, at the suit of one Dexter; that he gave bond with said Tyler to said Baker, for his appearance at court; that said Dexter recovered judgment against said Tyler, by default for the sum of £79 9s. debt and cost, before the County Court in December A. D. 1783, for which execution issued, and was returned *non est:* Upon which said Baker recovered upon said bail bond the judgment mentioned in the *scire facias*, by default; that soon after he settled and paid said Dexter the judgment he recovered against Tyler; and in consideration of £81 1s. 6d., received the 16th of January A. D. 1786, he discharged him from all judgments and executions and demands he had against him, on account of his being bound for said Tyler.

The plaintiffs reply — That after said Baker recovered said judgment, and before the date of said discharge, he paid Colonel Adams, attorney to said Dexter in said cause, £3 18s. 8d. for his fees; also agreed to pay said Dexter his debt; that the cost taxed in favor of said Baker, and his fees on said execution was £3 2s. 6d., which hath never been paid; of all which the defendant was notified previous to his taking said discharge.

The defendant traverses Baker's having paid Colonel Adams his fees; also his having agreed to pay said Dexter, and the defendant's being notified thereof, previous to said settlement and discharge. Upon which the parties were at issue to the jury.

The jury found that said Baker had paid Colonel Adams his fees, and had agreed to pay said Dexter his debt; of which said Hine was notified, and therefore found for the plaintiff to recover £7, and his cost; motion in arrest of judgment, that the issue is immaterial; upon the ground that the discharge of the original judgment by Dexter, which is agreed in the pleadings, consequently discharged all subsequent judgments which were dependent upon, and in aid of it.

The court was of opinion — That the motion was insufficient, and gave judgment for the plaintiff. Baker was liable to Dexter for the whole debt and cost; whatever he paid was rightfully paid and so far discharged Hine; if Hine afterwards had paid Dexter, he might have recovered it back in an action of *indebitatus assumpsit*, as for money paid by mistake: As to the cost taxed in Baker's favor, and the fees on the execution, Hine was his debtor and it was altogether at Baker's option whether he would take Dexter paymaster or not.